# THE BREECE/HERNDON FAMILY TRUST AS AMENDED

The Breece/Herndon Family Trust, dated the 2nd day of September, 1992, is hereby amended to read as follows:

## ARTICLE I
### TRANSFER IN TRUST

For good and valuable consideration, the Undersigned, Robert O. Breece, and Susan K. Herndon, husband and wife, of 4811 Mercury Drive, Rockville, Maryland 20853, hereby transfer and deliver to the Trustees and their successors the property listed in Schedule "A", annexed hereto and incorporated herein by reference, to have and to hold the same, and any cash, securities or other property which the Trustees may, pursuant to any of the provisions hereof, at any time hereafter hold or acquire, all of such property being hereinafter referred to collectively as the "Trust Estate", for the uses and purposes and upon the terms and conditions herein set forth.

## ARTICLE II
### ADDITIONS TO TRUST

**A.** It is understood that the Undersigned or any other person may grant and the Trustees may receive, as part of this Trust, additional real and personal property by assignment, transfer, deed or other conveyance, or by any other means, testamentary or inter vivos, for inclusion in the Trust herein created.

**B.** The Breece/Herndon Family Trust shall be divided into two separate Trusts, the R.O.B. Trust and the S.K.H. Trust. Any additional property received by the Trustees shall become a part of the Trust into which it is transferred and shall become subject to the terms of this Agreement. If such property is not specifically appointed to any particular Trust, it shall be allocated equally between the R.O.B. Trust and the S.K.H. Trust, if both of the Undersigned are living, and otherwise to the Non-Marital Trust. Property held in the name of the "Breece/Herndon Family Trust" shall be allocated equally between the Trustors. Property held as the "R.O.B. Trust" is exclusive property of Robert O. Breece, and Susan K. Herndon hereby expressly waives all interests, including community property interests and tenancies by the entireties interests, therein. Property held as the "S.K.H. Trust" is the exclusive property of Susan K. Herndon, and Robert O. Breece hereby expressly waives all interests, including community property interests and tenancies by the entireties interests, therein.

**C.** Unmatured life insurance policies transferred to the Trust at the death of either of the Undersigned shall be allocated to the Family Trust and shall be under control of the Trustees of the Trust, except if the insured is a Trustee of the Trust; then the control

—Page 1 of 17—

Exhibit 1

Breece/Herndon Family Trust                                    Article II, Paragraph D

shall rest solely in the Co-Trustee named or with the successor Trustees named after the insured.

**D.** It is specifically the intention of the Undersigned that all real and personal properties now owned by the Undersigned are to be a part of this Trust, excepting property held jointly by the Undersigned and/or property designated to be part of another Trust; provided further, that all future real and personal properties acquired by the Undersigned are to automatically become a part of this Trust at the time acquired by the Undersigned.

## ARTICLE III
### SIGNATURES

The Undersigned, Robert O. Breece, has signed his name and is known by his whole name Robert Olin Breece or by a portion thereof only or by a certain combination of names and the initials thereof. The Undersigned, Susan K. Herndon, has signed her name and is known by her whole name Susan Kathleen Herndon or by a portion thereof only or by a certain combination of names and the initials thereof, and also by the name of Mrs. Robert O. Breece, and a portion only of said name or the initials thereof. Regardless of what combinations of the names and signatures of the Undersigned appear on past, present or future written documents, the names and signatures of the Undersigned, as written below, are intended by the Undersigned and shall be effective to transfer and convey the property listed in said written documents into this Trust.

## ARTICLE IV
### GOVERNING LAW

This Agreement shall be construed and regulated by the laws of the state of Virginia. The situs of this Trust may be changed at the discretion of the Trustee.

## ARTICLE V
### NO BOND REQUIRED

No Trustee named herein need give bond in any jurisdiction. If a fiduciary's bond may not be dispensed with, the Undersigned request that the bond be accepted without surety and in the lowest possible amount. In the absence of breach of trust, no Trustee shall ever be required to qualify before, be appointed by, or account to any court, or obtain the order or approval of any court in the exercise of any power or discretion herein given.

## ARTICLE VI
### REVOCATION AND AMENDMENT

**A.** As long as both of the Undersigned are alive, each of them reserves the right, without the consent or approval of the other, to amend, modify or revoke their separate Trusts under this Agreement, in whole or in part, including this Trust, concerning the property that each has contributed to the Trust, in whole or in part, including the principal and the present or past undisbursed income from such principal. Such revocation shall be by an instrument in writing signed by the Undersigned and shall be effective upon

Breece/Herndon Family Trust                          Article VI, Paragraph B

signing without notice to any successor Trustee. After the first of the Undersigned has died, the survivor may amend or revoke only the Marital Trust, excepting, however, the QTIP Marital Trust if such is used herein, while the Family Trust (Non-Marital Trust) shall continue as an Irrevocable Trust and will be administered and distributed as set forth herein. On the death of the survivor of the Undersigned, the remainder of the Trust Estate and the Trusts created hereinafter shall become irrevocable.

    B.  While any of these Trusts remain revocable, the Undersigned may, in their discretion, make such use of the funds or properties of these Trusts as they may deem prudent, and such use shall be deemed to have been made with the consent and approval of the Trustees as though a formal writing were submitted in accordance with the provisions above.

    C.  The interest of the beneficiaries is a present interest which shall continue until this Trust is revoked or terminated other than by death. As long as this Trust subsists, the Trust properties and all rights and privileges thereunder shall be controlled and exercised by the Trustees named herein.

## Article VII
### Separate Property to Remain Separate Property

Subject to Article II, Paragraph B, all property now or hereafter conveyed or transferred to the Trustees, to be held by the Trustees pursuant to this Trust Agreement, that was separate property at the time of such conveyance or transfer, shall remain the separate property of the Undersigned transferring such property to the Trustees.

## Article VIII
### Ineffectual Provisions

If any provision of this Trust Agreement is unenforceable, the remaining provisions, nevertheless, shall be carried into effect.

## Article IX
### Gender

In any provision of this Trust Agreement, the masculine includes the feminine and vice versa, and the neuter includes the masculine or feminine and vice versa. Where applicable, the singular includes the plural and vice versa.

## Article X
### Perpetuities Savings Clause

This Trust shall in any event terminate not later than twenty-one (21) years after the death of the last survivor of the group composed of the Undersigned and those of their descendants living at the death of the first of the Undersigned to die in the event these trusts shall not have previously terminated in accordance with the terms hereof. The property held in trust shall be discharged of any trust, and shall immediately vest in and be distributed to the persons then entitled to the income, and for this purpose only it shall be presumed that any person then entitled to receive any discretionary payments from the income or principal of any particular trust is entitled to receive the full income, and that any class of persons so entitled is entitled to receive all such property, to be divided among them per stirpes. No power of appointment granted hereunder shall be so exercised as to violate any applicable Rule Against Perpetuities, accumulations, or any similar rule or law, and any attempted exercise of any such power which violates such rule or law shall be void, notwithstanding any provision of this to the contrary.

## Article XI
### Spendthrift Provision

After any of the Trusts created herein becomes irrevocable, the interests of each beneficiary in income and principal shall be free from the control or interference of any creditor of such beneficiary or the spouse of a married beneficiary, or the parent of a child beneficiary, and shall not be subject to attachment or be subject to assignment either voluntarily or involuntarily.

## Article XII
### Parties Dealing with Trustees

No purchaser and no issuer of any stock, bond or other instrument evidencing a deposit of money or property, or other person dealing with the Trustees hereunder with respect to any property hereunder, as purchaser, lessee, party to a contract or lease or in any other capacity whatsoever, shall be under any obligation whatsoever to see to the disbursing of money paid to the Trustees or to the due execution of this Trust in any particular, but such persons shall be absolutely free in dealing with the Trustees on the same basis as though the Trustees were the absolute owner of the said property, without any conditions, restrictions or qualifications whatsoever.

## Article XIII
### Delegation of Authority

During physical or mental incapacitation, each of the Undersigned herein appoints the other to succeed to his or her place as Trustee to supervise all matters in which either of the Undersigned had the right to act if he or she had not become incapacitated. For all purposes of this Trust, each Grantor shall continue to be deemed mentally competent, unless determined not to be competent by two physicians selected by the Co-Trustee or the successor Trustee. The physicians shall not be liable for any determination made as to the competency of the Trustee if the determination is made in a reasonable manner.

## ARTICLE XIV
## POWER OF THE TRUSTEES

A. The Trustees shall have full power to do everything in administering these Trusts that they deem to be for the best interest of the beneficiaries (whether or not it be authorized or appropriate for fiduciaries but for this broad grant of authority) including, but not limited to, the following:

1. To buy, sell and trade in securities of any nature, including short sales and on margin, and for such purposes may maintain and operate margin accounts with brokers, and may pledge any securities held or purchased by them with such brokers as security for loans and advances made to the Trustees, and to acquire by purchase or otherwise and to retain, so long as they deem advisable, any kind of realty or personal property or undivided interests therein, including common and preferred stocks, bonds or other unsecured obligations, options, warrants, interests in limited partnerships, investment trusts and discretionary common trust funds, all without diversification as to kind or amount, without being limited to investments authorized by law for the investment of trust funds, and power to hold or take title to property in the name of a nominee;

2. To sell for cash or on credit, at private or public sale, exchange, hypothecate, sell short or otherwise dispose of any real or personal property;

3. To make distributions as authorized in this Trust Agreement, including distributions to themselves as Trustees, in kind or in money or partly in each, even if shares be composed differently. For such purposes, the valuation of the Trustees shall be given effect, if reasonably made;

4. If, in the Trustees' discretion, any beneficiary (whether a minor or of legal age) is incapable of making proper disposition of any sum of income or principal that is payable or appointed to said beneficiary under the terms of this Trust Agreement, the Trustees may apply said sum to or on behalf of the beneficiary by any one or more of the following methods: by payments on behalf of the the beneficiary to anyone with whom the beneficiary resides, by payments in discharge of the beneficiary's bills or debts, including bills for premiums on any insurance policies, or by paying an allowance to a beneficiary directly. The foregoing payments shall be made without regard to other resources of the beneficiary or the duty of any person to support the beneficiary and without the intervention of any guardian or like fiduciary; provided, however, that the Trustees shall ensure and see to the application of the funds for the benefit of the beneficiary, so that the funds will not be used by any adult person, or any other person for a purpose other than the direct benefit of the beneficiary, and particularly so that said funds will not be diverted from the purpose of support and education of said beneficiary;

5. To determine whether and to what extent receipts should be deemed income or principal, whether or to what extent expenditures should be charged against principal or income, and what other adjustments should be made between principal and income, provided such adjustments do not conflict with well-settled rules for the determination of principal and income questions;

Breece/Herndon Family Trust                           Article XIV, Paragraph A-6

6. To delegate powers to agents including accountants, investment counsel, appraisers, legal counsel, and other experts, remunerate them and pay their expenses, to employ custodians of the trust assets, bookkeepers, clerks and other assistants and pay them out of income or principal;

7. To execute or enter into contracts, deeds, agreements or any other documents of any nature whatsoever which the Trustees deem necessary or desirable to carry out the provisions and purposes of the Trusts, to renew, assign, alter, extend, compromise, release, with or without consideration, or submit to arbitration or litigation, obligations or claims held by or asserted against the Undersigned, the Trustees or the trust assets;

8. To borrow money from others or from the Trustees, for the payment of taxes, debts or expenses, or for any other purpose which, in the opinion of the Trustees, will facilitate the administration of these Trusts, and pledge or mortgage property as security for any such loans, and if money is borrowed from any Trustee individually, to pay interest thereon at the then prevailing rate of interest;

9. To lease, or grant options to lease, for periods to begin presently or in the future, without regard to statutory restrictions or the probable duration of any Trust, to erect or alter buildings or otherwise improve and manage property, demolish buildings, make ordinary and extraordinary repairs, grant easements and changes, make party-wall contracts, dedicate roads, subdivide, adjust boundary lines, partition and convey property or give money for equity of partition;

10. To operate, either solely or in conjunction with others, any business operation or enterprise of any nature, whether it be an individual business, general or limited partnership or corporation, for as long a time and in such a manner as the Trustees deem proper for the best interests of the Trust, with full power to organize and/or to operate as a sole proprietorship or partnership, to incorporate such business or to execute or join in any plan of refinancing, merger, consolidation or reorganization thereof with full power to borrow monies as the Trustees may deem advisable for the purposes thereof;

11. To charge to operating expenses all current costs of amortization, obsolescence and depreciation of any properties of the Trust and to provide adequate reserves for such amortization, obsolescence and depreciation;

12. To effect and keep in force life, fire, rent, title, liability or casualty insurance, or other insurance of any nature, in any form, and in any amount;

13. To enter into transactions with any other trusts in which the Undersigned or the beneficiaries of this Trust Agreement, or any of them, have beneficial interests, even though any trustee of such other trust is also a Trustee under this Trust Agreement;

14. To exercise all the foregoing powers alone or in conjunction with others, even though any of the Trustees are personally interested in the property that is involved, notwithstanding any rules of law relating to divided loyalty or self-dealing;

Breece/Herndon Family Trust                            Article XIV, Paragraph A-15

    15. To invest in common trust funds, to hold and invest the funds of all Trusts in solido without a physical division of the assets, as the Trustees in their discretion may determine.

    B. Any Trustee may decline to act or may resign as Trustee at any time by delivering a written resignation to the beneficiaries of a Trust then subsisting.

    C. Any Trustee may, from time to time, delegate to one or more of the remaining Trustees any powers, duties or discretions. Every such delegation shall be a writing delivered to the delegate or delegates and shall remain effective for the time therein specified or until earlier revocation by a further writing similarly delivered. Everyone dealing with the Trustees shall be absolutely protected in relying upon the certificate of any Trustee as to whom the Trustees are acting for, for the time being, and as to the extent of their authority by reason of any delegation or otherwise.

    D. From the income of the Trusts hereby created or, if that be insufficient, from the principal thereof, the Trustees shall pay and discharge all expenses incurred in the administration of the Trusts.

    E. No successor Trustee shall be liable for any misfeasance of any prior Trustee.

## ARTICLE XV
### COMPENSATION OF TRUSTEES

The trustees shall be entitled to reasonable compensation for services rendered by them or counsel retained by them, including services in connection with the transfer of assets to beneficiaries or successor Trustees and the appointment of successor Trustees. Such reasonable compensation shall be similar to that of other trustees who perform similar services.

## ARTICLE XVI
### RENDITION OF ACCOUNTS

With respect to each Trust created herein, the Trustees shall render at least annually an account of income and principal, including a statement of all receipts, disbursements and capital changes, to all beneficiaries then eligible to receive income, or to the natural or legal guardians of such beneficiaries.

## ARTICLE XVII
### CERTIFIED COPIES OF TRUST

To the same effect as if it were the original, any person or institution may rely upon a copy certified by a Notary Public to be a true copy of this instrument and any schedules or exhibits attached hereto. Any person or institution may rely upon any statement of fact certified by anyone who appears from the original Trust, or a certified copy thereof, to be a Trustee hereunder.

## Article XVIII
### Death

If either of the Undersigned has a serious illness or operation, the Undersigned request that the successor Trustee call the Undersigned's attorney William A. Stanmeyer, P.C., at 8300 Boone Boulevard, Suite 500, Vienna, Virginia 22182; phone: (703) 790-5400, to obtain instructions in case either of the Undersigned should die. If death makes this prior conversation impossible, then the successor Trustee should call said attorney as soon after death as is possible.

## Article XIX
### Location of Documents

This Trust has been prepared in duplicate, each copy of which has been executed as an original. One of these executed copies is in the possession of the Undersigned, and the other is deposited for safekeeping with William A. Stanmeyer, P.C., 8300 Boone Boulevard, Suite 500, Vienna, Virginia 22182. Either copy may be used as an original without the other and, if only one copy of this Trust Agreement can be found, then it shall be considered as the original and the missing copy will be presumed inadvertently lost. Any clarifications or instructions concerning this Trust Agreement may be obtained by calling the above-mentioned attorney, who is requested to do everything necessary to implement the provisions of this Trust.

## Article XX
### Provisions Relating to Policies of Insurance

In the event the Trustee is named the beneficiary under any policies of insurance, said Trustee shall hold the same, subject to order of the owner of the policy, without obligation other than the safekeeping of any policies which may be delivered to the Trustee.

The owner of the policy retains all rights, options and privileges with respect to said policies. Upon receiving possession of insurance policies, proof of death of the insured, or upon maturity of any policies prior to the death of the insured, the trustee shall use reasonable efforts to collect all sums payable on such policies for which the Trust is designated a beneficiary or owner. All insurance settlements as received by the Trustee shall become principal of the Trust Estate, except interest paid by the insurer, which shall be classed as income. The Trustee may compromise, arbitrate or otherwise adjust claims upon any of the policies. The receipt of the Trustee to the insurance company shall be a full discharge of the company.

The Trustee shall not be responsible for payment of any insurance premiums or any act or omission of the insured or the owner of the policy. The Trustee shall not be required to prosecute any action, to collect any insurance or to defend any action relating to any policy of insurance unless indemnified against costs and expenses, including attorney's fees.

## Article XXI
### Disposition During Joint Lives of the Undersigned

During the joint lives of the Undersigned, the Trustees shall hold, manage, invest and reinvest the Trust Estate, and shall collect the income thereof and shall dispose of the net income and principal as follows:

**A. Income.** The Trustees shall pay to the Undersigned all of the net income of this Trust, in monthly or other convenient installments, but at least semi-annually.

**B. Principal.** The Trustees may, in their discretion, pay or apply for the benefit of the Undersigned, in addition to the income payments herein provided for, such amounts of the principal of the Trust Estate, up to the whole thereof, as the Trustees may from time to time deem necessary or advisable for the use and benefit of the Undersigned.

**C. Incapacity.** If, in a Trustee's sole and absolute judgment, either of the Undersigned is so incapacitated by reason of illness, age, or other cause that he or she is incapable of handling funds for his or her own use and benefit, or if unavailable to give prompt attention to his or her financial affairs, the Trustee may use so much of the net income and principal of the Trust Estate as the Trustee, in the Trustee's sole and absolute discretion, deems necessary or advisable, (1) for the support, maintenance, health and education of said incapacitated Undersigned, and any person who, in the judgment of the Trustee, is dependent upon said incapacitated Undersigned, (2) for the payment of premiums on any insurance policies owned by said incapacitated Undersigned, whether or not subject to the terms of this Trust Agreement, and (3) for the purpose of discharging any debt or obligation incurred by said incapacitated Undersigned and believed by the Trustee to be a valid debt including, but not limited to: home rental/mortgage payments, utilities, installment obligations and established charitable contribution customs.

## Article XXII
### Disposition After Death of the First of the Undersigned

**A.** At the death of the first of the Undersigned (and in case of simultaneous deaths, this Trust will operate as if Susan K. Herndon had survived Robert O. Breece), after payment of currently due debts, expenses and costs of last illness and funeral out of the decedent's Estate, the Trustees shall divide the Trust Estate into two separate Trusts, hereinafter designated as the "Marital Trust" and the "Family Trust" respectively.

**B. Marital Trust—Establishment.** The Marital Trust shall consist of the survivor of the Undersigned's separate property in the Trust Estate and a fractional proportion in all property of the first of the Undersigned to die that qualifies for the marital deduction determined as follows:

1. The numerator of such fractional proportion of the trust estate shall be the smallest amount which, if allowed as a marital deduction, would result in the least possible federal estate tax being payable as a result of the Trustor's death, after allowing for the unified credit against federal estate tax and all available credits and deductions claimed.

Breece/Herndon Family Trust                                Article XXII, Paragraph B-2

The numerator shall be reduced by the value of any other property which passes to the survivor of the Undersigned which qualifies for the marital deduction other than the trust property.

2. The denominator of this fraction shall be the value of the entire trust property. Values assigned to property for purposes of this computation shall be those values finally determined for federal estate tax purposes.

The Trustees shall have the power to distribute assets in cash or in kind to the respective Trusts and to select specific property to be distributed to the respective Trusts without regard to the income tax basis of such property. In making these allocations the Trustees shall use the value of the assets as of the date or dates of distribution, so that each distribution shares proportionately in the appreciation or depreciation of assets between the date of the Trustor's death and the date or dates of distribution. However, no allocation of assets shall be made to the Marital Trust which does not qualify for the marital deduction. The Trustees shall have the power to select specific property to be distributed to the Trusts without regard to the income tax basis of such property. To the extent that other assets which qualify for the marital deduction are available, there shall not be allocated to the Marital Trust: (a) assets with respect to which an estate tax credit for foreign taxes paid is allowable; (b) United States Treasury bonds that are eligible for redemption at par value in payment of the federal estate tax. In computing the marital deduction, all generation-skipping transfers for which the Trustor is the "deemed transferor" shall be disregarded.

C. **Marital Trust—Distribution.** The Marital Trust shall be held by the Trustees separately in Trust for the following purposes:

1. The Trustees shall pay all of the income to the survivor in quarterly or other convenient installments (but at least annually) for and during the term of the life of the survivor of the Undersigned.

2. In addition to income, the Trustees shall pay to or apply for said survivor as much of the principal of the Marital Trust as the Trustees, in their discretion, deem necessary for the support, and care of said survivor, having in mind the standard of living to which said survivor has been accustomed. The Trustees' discretion shall be exercised liberally so that said survivor shall have, in addition to the necessities, a reasonable enjoyment of the luxuries of life.

3. The survivor of the Undersigned may direct the Trustees, from time to time, by a written instrument delivered to the Trustees and specifically referring to this power, to distribute portions of the Marital Trust to the children of the Undersigned and their lawful issue.

4. Upon the death of the survivor of the Undersigned, the Trustees shall dispose of the then remaining principal and undisbursed income of this Trust, if any, to such person or persons, including the estate of the survivor, as the survivor shall appoint. Such appointment shall be made by the survivor amending the Marital Trust, or by the survivor referring to and by affirmatively exercising this power of appointment in his or her Last Will and Testament.

5. Any principal and income of this Trust not effectively appointed by the survivor shall be added at the death of the survivor to the Family Trust and shall be held and administered as a part thereof; provided, however, that the Trustees shall first pay from the Marital Trust the last illness and funeral expenses and any death taxes of the survivor of the Undersigned.

6. If the survivor of the Undersigned disclaims part or all of the fractional interest of the property of the first of the Undersigned to die, which otherwise would have been transferred into the Marital Trust as provided for in Article XXII, Paragraph B, the disclaimed property shall pass to, and become a part of, the Family Trust and shall be distributed as set forth therein. In addition to any other method of disclaimer recognized by law, the survivor of the Undersigned may disclaim by a writing signed by him or her and delivered to the Trustees declaring his or her intention to disclaim in whole or in part some designated part.

D. **Family Trust (Non-Marital Trust).** The Family Trust shall contain the balance of the Trust Estate remaining after setting aside all property of the Trust Estate that is included in the Marital Trust. The Family Trust shall be subject to the payment of all the federal and state estate taxes, last illness, funeral, burial and administration expenses of the first of the Undersigned to die, and shall be held by the Trustees separately in trust for the following purposes:

1. The Trustees of the Family Trust shall distribute at least quarter-annually the income of the Family Trust among the issue of both of the Undersigned as the survivor of the Undersigned may appoint.

2. During the lifetime of the survivor of the Undersigned, the Trustees of the Family Trust shall distribute to said survivor such part or all of the net unappointed income and principal of the Family Trust as said Trustees, in their sole discretion, determine necessary or appropriate for the support and maintenance of said survivor in the standard of living to which said survivor is accustomed, including reasonably adequate health, medical, dental, hospital, nursing, and invalidism expenses. The powers herein granted to the survivor of the Undersigned, while serving as a Trustee or Co-Trustee of this Trust Agreement, shall be limited as follows: The survivor of the Undersigned shall have no right to determine the amount of any income or principal of the Family Trust to be retained or to be distributed to said survivor or to distribute such, but such determination and distribution shall be made by the Trustee or Trustees serving with the survivor of the Undersigned. If such survivor is serving as sole Trustee of this Trust Agreement, then said determination and distribution shall be made by the successor Trustee or Trustees named immediately after the Undersigned in this Trust Agreement.

3. The surviving Trustor shall have the unrestricted power at any time to invade the principal of the "Family Trust (Non-Marital Trust)" annually to the extent of the greater of the following amounts: (a) the sum of five thousand dollars ($5,000.00), or (b) five percent (5%) of the fair market value of the property of the Family Trust determined by the Trustees as of the end of the month immediately preceding the request. This power shall be noncumulative and the power with

Breece/Herndon Family Trust                                  Article XXII, Paragraph D-4

respect to each year shall, if not exercised, lapse on the last day of each calendar year the power is held. The exercising of this power shall be made in writing by said surviving Trustor to the Trustees.

   4. Upon the death of the survivor of the Undersigned, the Trustees shall dispose of the unappointed remaining principal and income of the Family Trust as directed in Article XXIII.

  E. **Intertrust Dealings.** Upon the death of the first of the Undersigned to die, the Trustee, at his sole discretion, may purchase any assets from the estate of the first of the Undersigned to die at said assets' appraised values and, in addition, may loan funds, with or without security, to the estate of the first of the Undersigned to die, it being the intent of the Undersigned that this discretion be exercised liberally. The propriety of any loan or any purchase shall be solely within the discretion of the Trustees. It is further provided that the Trustees shall incur no liability as a result of such loan or purchase because such assets constitute investment which could not otherwise be made legally by the Trustees.

  F. **Employee Benefit Distribution.** At the sole discretion of the Trustee, the proceeds of any employee benefit plan which was qualified under Section 401 of the Internal Revenue Code of 1986 shall be held pursuant to the beneficiary provisions of the "Family Trust (Non-Marital Trust)" provision of this Trust, *supra*, provided further, that no federal estate nor state inheritance taxes nor any debts, liabilities, last expenses or administrative costs of the deceased Trustor/plan-participant may be paid from such proceeds. The Trustees shall keep accurate records which will show that such proceeds have not been used to pay any of the above described obligations of the estate of the first of the Undersigned to die.

  G. Statutory interest, if any, of the survivor of the Undersigned in the real and personal property of the first of the Undersigned to die is hereby expressly waived by each of the Undersigned.

  H. If the Trustors, or any primary and secondary beneficiary, die simultaneously or under such conditions that it cannot be determined from credible evidence which of them was the first to die, the provisions made herein for the survivor of the Undersigned shall be construed as though the Testatrix–Susan K. Herndon survived the Testator–Robert O. Breece. Any secondary beneficiary shall be deemed to have predeceased the primary beneficiary.

ARTICLE XXIII
DISPOSITION ON DEATH OF
THE SURVIVOR OF THE UNDERSIGNED

All Trust principal, with all accumulated income thereof, directed to be disposed of under the provisions herein, shall, upon the death of the survivor of the Undersigned, be held in Trust for the benefit of the following beneficiaries of the Undersigned and shall be disposed of as follows:

—Page 12 of 17—

Breece/Herndon Family Trust                    Article XXIII, Paragraph A

    **A.** An amount determined by the Trustees, in their sole discretion, shall be set aside from the balance of the funds held in Trust and shall be used for the support and education of the beneficiaries of this Trust as determined by Article XXIII, Paragraph B-1, who have not reached age twenty-one (21) prior to the death of the survivor of the Undersigned. Education of the beneficiaries shall include, but not be limited to, musical education, dancing lessons, grammar school, secondary school, college, graduate school, trade school and vocational training school.

    In determining the amount to be set aside under the provisions of this paragraph and the amounts to be paid therefrom, the Trustees shall take into account the needs, ages, assets and other available sources of income and support of the beneficiaries, including each beneficiary's ability to contribute to his or her own support. The Trustees shall determine the amounts to be distributed, the beneficiary or beneficiaries to whom distributions are to be made and the time and manner of distributions made under this paragraph and shall distribute according to the various needs of the beneficiaries, even if such distributions are unequal. After the youngest beneficiary has attained age twenty-one (21), the balance, if any, of the amounts set aside under this paragraph shall be distributed according to Article XXIII, Paragraph B.

    **B.** After setting aside sufficient amounts to carry out the purposes of Article XXIII, Paragraph A, above, the Trustees shall divide the Trust Estate into as many equal shares as there are children of the Undersigned then living and children of the Undersigned then deceased but leaving surviving issue; provided further, that each of said shares, if not immediately distributed, shall constitute and be held, administered and distributed by the Trustees as a separate Trust, as follows:

    **1.** One such share shall be set aside for the benefit of each of the children of the Undersigned who may then be living and, if held in Trust, shall constitute the Trust Estate of such child's Trust.

    **2.** One such equal share of the Trust Estate shall be set aside for the benefit of the surviving issue, per stirpes, by right of representation, of each of the children of the Undersigned who may then be deceased but leave issue surviving and, if held in Trust, shall constitute the Trust estate of such issue's Trust; the amounts so set aside may be used for the purposes and benefits as enumerated in Article XXIII, Paragraph A, above.

    **3.** As each above-described beneficiary attains age twenty-one (21), the share of the Trust Estate for said beneficiary shall be distributed to him free and clear of Trust, upon his request therefore, as follows: one third ($1/3$) of the Trust Estate shall be distributed to each beneficiary when he or she has attained the age of twenty-one (21); one half ($1/2$) of the remaining balance shall be distributed to each beneficiary upon attaining age twenty-four (24); and the remaining balance shall be distributed to each beneficiary upon attaining age twenty-seven (27).

C.  Whenever used herein, the terms "issue", "child", "children" and "descendants" include adopted issue, adopted child, adopted children and adopted descendants, as well as natural issue, natural child, natural children and natural descendants, and include descendants of adopted issue, adopted child, adopted children and adopted descendants.

D.  If any of the above beneficiaries are unable or unwilling to take any portion of the Trust Estate, then the Trustees shall distribute the portion of the property of that beneficiary to his issue by right of representation and, if none, then to the other beneficiaries proportionate to each beneficiary's interest in the Trust, as follows:

Should the living children of Susan K. Herndon not survive, their share of the Trust Estate shall be distributed in equal shares to Michael P. Herndon or his issue, Lawrence J. Herndon or his issue, Margaret Nyphus or her issue, Nora E. Herndon or her issue, Mary E. Lucas or her issue, Bridget A. Lee or her issue, and Deborah H. Herndon or her issue, per stirpes.

Should the living children of Robert O. Breece not survive, their share of the Trust Estate shall be distributed in equal shares to Doris L. Hamman or her issue per stirpes.

If there are no remaining beneficiaries, then: one half ($1/2$) to the living heirs at law of the first of the Undersigned to die and one half ($1/2$) to the living heirs at law of the last of the Undersigned to die; provided further, that said heirs at law of each of the Undersigned shall take the Trust property in the same priority and in the same distributive order as listed in the law of intestate succession of the state referred to in Article IV as in force on the date of the signing of this Trust Agreement.

## ARTICLE XXIV
### PERSONAL PROPERTY DISTRIBUTIONS

All personal properties listed on the Personal Property List are to be distributed to the named designees and such items shall be conveyed to such persons in addition to their respective distributive shares of the Trust described herein.

## ARTICLE XXV
### UNIFIED TAX CREDIT

The Unified Tax Credit should be applied only to the extent that it has not been used by any other Living Trust signed by the Undersigned.

Breece/Herndon Family Trust                                         Article XXVI

## Article XXVI
### Trustees and Family Members

 A. The present living children of Robert O. Breece to be considered in this trust are:

  1. Vanessa Christine Burton
  2. Olin Blair Breece
  3. Adam Samuel Breece
  4. Quinn Erin Breece
  5. Amelia Marie Breece
  6. Benjamin Scott Breece

 B. The present living children of Susan K. Herndon to be considered in this trust are:

  1. Amelia Marie Breece
  2. Benjamin Scott Breece

 C. **Family Limited Partnerships.** In the event that any of the beneficiaries or successor beneficiaries of this trust, have formed, or form prior to said distribution, a Family Limited Partnership, such that, the beneficiary, or a corporation controlled by the beneficiary, or trust for the benefit of the beneficiary is the General Partner, any distribution to be made to the beneficiary, from this trust shall be made instead to the beneficiary's Partnership capital account, which Partnership, in the sole discretion of the Trustee of this Trust, is best suited to accept said distribution for the greatest benefit of the above named beneficiary.

 D. The following people will act as Trustees in the following order of succession:

  1. Robert O. Breece and Susan K. Herndon during their joint lives as Co-Trustees.
  2. The survivor of the Undersigned.
  3. Nora E. Herndon, in the event Robert O. Breece is the survivor.
  4. Margaret Nyphus, in the event Robert O. Breece is the survivor.
  5. Fredrick Rodriguez, in the event Susan K. Herndon is the survivor.
  6. Thomas A. Breece, in the event Susan K. Herndon is the survivor.
  7. A Trustee chosen by the majority of beneficiaries with a parent or legal guardian voting for minor beneficiaries.

 E. Subject to the provisions of Article XXII, Paragraph D-1, whenever more than one Trustee is designated to act concurrently, a majority of the Trustees, whether individual or corporate, shall have the power to make any decision, undertake any action, or execute any documents affecting the Trusts created herein. In the event of a difference of opinion among the Trustees, the decision of a majority of them shall prevail, but the dissenting or nonassenting Trustees shall not be responsible for any action taken by the majority pursuant to such decision. After the death of the first of the Undersigned to die, if only two individual Trustees are in office, they must act unanimously. If an individual and a corporate Trustee are in office, the determination of the individual Trustee shall be binding.

Breece/Herndon Family Trust                                              Signatures

IN WITNESS WHEREOF, the Undersigned have executed this Trust Agreement on the 6TH day of ~~December, 1996,~~ as Grantors and Trustees:
(FEB 97)

X _____ (Seal)          X _____ (Seal)
Witness                                  Robert O. Breece

X _____ (Seal)
Witness

X _____ (Seal)          X _____ (Seal)
Witness                                  Susan K. Herndon

X _____ (Seal)
Witness

State of Virginia   }
                    } SS.
County of Fairfax   }

BEFORE ME personally appeared Robert O. Breece, signer of the within instrument, who duly acknowledged to me that he executed the same as his free act and deed. I am a duly appointed Notary in the jurisdiction aforesaid.    (FEB 97)

WITNESS my hand and official seal this 6TH day of ~~December, 1996~~

X _____ (Seal)
Notary Public

My Commission Expires: ___/___/19___

GLENN M. JOHNSON
—Page 16 of 17—  NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires November 29, 1998

Breece/Herndon Family Trust                                                    Signatures

State of Virginia      } SS.
County of Fairfax

    BEFORE ME personally appeared Susan K. Herndon, signer of the within instrument, who duly acknowledged to me that she executed the same as her free act and deed. I am a duly appointed Notary in the jurisdiction aforesaid.

    WITNESS my hand and official seal this _6TH_ day of December, 1996 _Feb 97_

X _____ (Seal)
   Notary Public

My Commission Expires: ___/___/19___

GLENN M. JOHNSON
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires November 23, 1998

—Page 17 of 17—

SCHEDULE "A"
OF THE
BREECE/HERNDON
FAMILY TRUST

Robert O. Breece and Susan K. Herndon, husband and wife (hereinafter referred to as the "Grantors"), do hereby sell, transfer, convey, quitclaim and assign for Ten Dollars ($10.00) and other good and valuable consideration, all rights, title and interest in the property set forth below to the Grantors as Trustees of the Breece/Herndon Family Trust dated the 2nd day of Sept, 1992 (hereinafter referred to as the "Grantee"). In addition, property listed under the *ownership* category as "R.O.B." is the exclusive property of the R.O.B. Trust, property listed as "S.K.H." is the exclusive property of the S.K.H. Trust, and property not designated is owned equally by the two Trusts.

**A. Real Estate.** All present and future interest of the Undersigned in the following real estate, together with all present and future improvements thereon, and all present and future water and water rights thereunto belonging and also including all present and all future personal property located thereon or wheresoever located:

1. 4811 Mercury Drive, Rockville, Maryland, 20853.

*Owner* ........................ S.K.H.

— *Legal Description* —

Lot numbered Sixteen (16) in Block lettered "Q" in the subdivision known as "Plat 7, ASPEN HILL PARK" as per plat recorded in Plat Book 61 at plat 5139, one of the Land Records of Montgomery County, Maryland.

**B. Private Limited Partnership Interests.** All Grantor's rights, title and interest in and to the following limited partnership interests:

1. Herndon Family Limited Partnership.

*Owner* ........................ S.K.H.
*State of Domicile* .......... Virginia
*Recording Date* ............. September 1, 1992
*General Interest* ............ 1%
*Limited Interest* ............ 97%

2. Breece Family Limited Partnership.

*Owner* ........................ R.O.B.
*State of Domicile* .......... Virginia
*Recording Date* ............. September 15, 1992
*General Interest* ............ 1%

—Page 1 of 3—

Breece/Herndon Family Trust—Schedule "A"

    Limited Interest ............ 96%

    3. **Breece Family Limited Partnership.**

    Owner ........................ S.K.H.
    State of Domicile .......... Virginia
    Recording Date ............. September 15, 1992
    General Interest ............ 1%
    Limited Interest ............ 1%

    4. **S.K.H. Family Limited Partnership.**

    Owner ........................ S.K.H.
    State of Domicile .......... Virginia
    Recording Date ............. September 1, 1992
    General Interest ............ 1%
    Limited Interest ............ 97%

    5. **Smith Mountain Family Limited Partnership.**

    Owner ........................ S.K.H.
    State of Domicile .......... Virginia
    Recording Date ............. September 1, 1992
    General Interest ............ 1%
    Limited Interest ............ 97%

X_____ (Seal)   X _/s/ Robert O. Breece_ (Seal)
Witness                          Robert O. Breece

X_____ (Seal)   X _/s/ Susan K. Herndon_ (Seal)
Witness                          Susan K. Herndon

—Page 2 of 3—

Breece/Herndon Family Trust—Schedule "A"                                    Signatures

State of Virginia       } SS.
County of Fairfax

    BEFORE ME personally appeared Robert O. Breece, signer of the within instrument, who duly acknowledged to me that he executed the same as his free act and deed. I am a duly appointed Notary in the jurisdiction aforesaid.

    WITNESS my hand and official seal this 15th day of Sept, 1992

X _____ (Seal)
Notary Public

(Residing At) _____

My Commission Expires: 10/31/1994


State of Virginia       } SS.
County of Fairfax

    BEFORE ME personally appeared Susan K. Herndon, signer of the within instrument, who duly acknowledged to me that she executed the same as her free act and deed. I am a duly appointed Notary in the jurisdiction aforesaid.

    WITNESS my hand and official seal this 15th day of Sept, 1992

X _____ (Seal)
Notary Public

(Residing At) _____

My Commission Expires: 10/31/1994

—Page 3 of 3—