VIRGINIA:

IN THE CIRCUIT COURT FOR WARREN COUNTY

| | |
|---|---|
| QUINN LOBATO, ADAM SAMUEL BREECE AND OLIN BLAIR BREECE )<br>)<br>) | |
| Petitioners, )<br>) | Civil Action Nos.: 12000150<br>12000598 |
| )<br>v. )<br>) | |
| SUSAN K. HERNDON, TRUSTEE, SUSAN K. )<br>HERNDON, INDIVIDUALLY, AMELIA MARIE )<br>BREECE, BENJAMIN SCOTT BREECE, by )<br>and through his Guardian, Susan K. )<br>Herndon, VANESSA CHRISTINE BREECE )<br>) | |
| Respondents. )<br>) | |

## ORDER

These matters came before the Court for a bench trial on January 2, 2014 on separate Amended Complaints filed by the Petitioners relating to the Estate of Robert O. Breece ("Breece") and the Breece/Herndon Family Trust (the "Trust"), which were consolidated for trial and other purposes, upon the pleadings filed in these matters by the parties, the written arguments and memorandum of counsel for the parties, the prior rulings and Orders of this Court. At trial, the Petitioners, Respondent Vanessa Christine Breece, and Respondent Susan K. Herndon ("Herndon") appeared in person, and were represented by counsel. Upon the evidence, including testimony and exhibits, and motions and other incidents of trial as shown in the transcript of

Page **1** of **10**

Exhibit 2

proceedings therein. Upon the rulings of the Court following preliminary matters and at the conclusion of the trial, which rulings are memorialized by written letter opinions of this Court dated February 22, 2013; April 3, 2014; May 22, 2014, and July 18, 2014, which letter rulings are incorporated into this Order by reference thereto for purposes of amplifying this Order. This matter also comes upon the Petitioners Motion for Entry of a Final Order Request for Clarification & Motion to Reconsider and Herndon's and the hearing on such Motion held on November 17, 2014 at which counsel appeared in person or by teleconference and was argued by counsel.

And it **APPEARING** proper to so do, it is **ORDERED, ADJUDGED AND DECREED** as follows:

1. Herndon waived her right to act as Trustee under the Property Settlement Agreement and Stipulation entered into by Breece and Herndon on October 29, 2002 and incorporated into their divorce decree.
2. Herndon should not act as trustee of any trust created und er the Trust.
3. The Trustees should proceed as if Herndon predeceased Robert Breece and administer the Trust under the provisions of Article XXIII.
4. As to Surcharge Suit (Case No. 12000598), the Petitioners' claim that the amount of the family allowance claimed on behalf of the minor children of Breece is unreasonable is denied and dismissed with prejudice.
5. As requested in the Court's letter opinion dated April 3, 2014, Herndon has submitted satisfactory written waivers from Ben Breece and Amy

Breece to receive a payment of the exempt property from Herndon and accordingly the claim of the Petitioners for a reimbursement of exempt property is accordingly dismissed with prejudice.

6. Within 60 days of the entry of this order, Herndon shall pay to the Trustees of the Breece/Herndon Family Trust (Trustees) a sum of $2,035.00 as a reimbursement for exempt property retained by Herndon over the allowed amount of $15,000.00.

7. Except as otherwise provided in this Order, all remaining counts and claims of the Surcharge Suit (Case No. 12000598) are dismissed without prejudice.

8. Within 60 days of the entry of this order, as it related to the claims set forth in the Trustee Suit (Case No. 12000150), Herndon shall pay to the Trustees of the Breece/Herndon Family Trust (Trustees) a total of $83,773.19 as reimbursement for the following:

    a. $7,500.04 for expenditures for payment of medical expenses incurred during the first year of administration.
    b. $43,700.00 for monthly support payments she received from the Trust, plus any additional money received for this purpose since December 2013.
    c. $24,225.15 for one-half the therapeutic camp expenses incurred on behalf of Amelia Breece.
    d. $8,348.00 for fiduciary fees received from the Trust.

9. Within 60 days of the entry of this order, Herndon shall reimburse the Trust for the following amounts paid to her counsel from the Trust related to defending this suit:

a. Herndon must reimburse the Trust for $1,426 of the $2,182.45 Michie Hamlett bill dated April 4, 2012.

b. Herndon must reimburse the Trust for $4,223.85 of the $4,223.85 Michie Hamlett payment dated May 18, 2012.

10. Upon review of the affidavits of attorney's fees submitted by Petitioners and Respondent Vanessa Breece, this Court orders Herndon to pay the following amounts in attorneys' fees within 30 days of entry of this Order:

   a. S. Alexander Miller: $14,800.00
   b. Daryl Funk: $8,000
   c. Quinn Lobato: $13,350.00 + $486.00 (filing fee)
   d. Jonathan Bronley: $8,500.00 (payable to Quinn Lobato[1])
   e. Kimberly Murphy: $2,250.00 (payable to Quinn Lobato)
   f. Robin Gulick: $600.00 (payable to Quinn Lobato)

11. The Court denies Herndon's Motion for Award of attorneys' fees for defense of the Surcharge Suit (Case No. 12000598) and the Trustee Suit (Case No. 12000150).

12. Except as otherwise provided in this Order and other Orders of this Court, all remaining counts and claims of the Trustee Suit (Case No. Case No. 12000150) are dismissed with prejudice.

13. Petitioners' Motion for Entry of a Final Order Request for Clarification & Motion to Reconsider is denied.

14. The Court hereby removes and revokes any Court ordered restrictions on the limitations on disbursements by any Trustee of any trust under the Trust, including, but not limited, to distributions for the

---

[1] These monies having already been paid by Petitioners.

education and support of the beneficiary of the Minor's Trust, which restrictions which were set forth in the Court's Order of June 15, 2012, retroactive to the date of the resignation of Herndon as Trustee.

15.  Petitioners request for the Court to order the Trustees to reimburse fees and expenses is dismissed because this Court finds that the decisions on reimbursement to beneficiaries are properly made according to the discretion of the Trustee.

16.  Petitioner's Motion for Sanctions is hereby denied.

17.  Interest shall accrue on the unpaid balance of the awards made herein at the rate of 6% per annum from the date of entry of this Order.

18.  The Clerk of Court shall send a certified copy of this Order to all counsel of record.

THIS IS A FINAL ORDER.

ENTERED: January 26, 2015

_____
JUDGE

cc: Miller, Esq.
    Lobato
    Funk, Esq.
    Cox, Esq.
    Brun (Anulia & Benjamin)
    01-29-15

Page 5 of 10

SEEN AND AGREED TO WITH LIMITED OBJECTIONS LISTED BELOW:

*[signature]*

S. ALEXANDER MILLER, VSB #78831
933 N Kenmore Street
Suite 221
Arlington, Virginia 22201
202/810-3005 (phone)
202/888-3090 (facsimile)
*Counsel for Petitioners Adam Breece and Olin Breece*

Petitioners, for the reasons stated in their Motions for Partial Summary Judgment, Motions to Compel, Motions for Sanctions, Briefs on Interpretation of the Trust, Closing Argument, and all filings related to the aforementioned motions and filings, all of which they incorporate here within, **object to the following:**

**SURCHARGE SUIT- approval of $18,000 Family Allowance:**
1. The finding that Petitioners had the burden to prove that the amount of the Family Allowance was unreasonable because Herndon had the burden to prove it was reasonable as a fiduciary who acted in her own self-interest and/or as the recipient of the Family Allowance.
2. The finding that Petitioners did not prove the $18,000 Herndon paid herself for the Family Allowance was unreasonable because the evidence at trial clearly proved $18,000 was unreasonable given Herndon's substantial income and assets, including her receipt of Social Security payments for the support of her children, the children's ages and needs, and the timing of the payment, among other factors discussed in Petitioners' Closing Argument.
3. The consideration of the solvency of the Estate as a relevant fact in determining the reasonableness of the amount of the $18,000 Family Allowance because that fact bears no relation to the support and maintenance needs of the children.
4. The failure to properly consider the facts relevant to the reasonableness of the amount of the Family Allowance, including the ages of the children, the support and maintenance needs of the children, and the income and assets available to support the children's guardian at the time of payment of the Allowance.

**TRUST SUIT- allowance of $50,595.86 in discretionary distributions:**

5. The denial by the Court of Petitioner's Motion to void Herndon's self-interested discretionary distributions pursuant to Va. Code § 64.2-764 because Petitioners, as Beneficiaries, had the right to void Herndon's self-interested actions which were not authorized by the Trust, and Herndon did not prove that any exceptions outlined in Va Code § 64.2-764 applied.

6. The application of a fairly strict standard of review or close scrutiny of the discretionary acts taken by Herndon in the administration of the Trust provisions because Herndon's actions were void ab initio given that Herndon was not an authorized Trustee, and/or her actions were presumptively fraudulent given that she acted in her own self-interest.

7. The approval or allowance of any discretionary expenditures made solely by Herndon because all discretionary expenditures by Herndon were made in violation of the terms of the Trust which required that such actions be taken by a majority of the Trustees, and Herndon was not a valid Trustee and she did not consent with or obtain approval from Frederick Rodriguez or Quinn Lobato before making the discretionary expenditures.

8. The approval or allowance of any discretionary expenditures paid to Herndon under provisions of the Trust which assume Herndon is deceased because such expenditures are not authorized by the Trust, they clearly violate the intentions of the grantor Breece and they are not permitted under Virginia law.

9. The finding that the payments Herndon made to Amy or third parties on Amy's behalf totaling $14,697.25 were reasonable expenditures in line with the purposes of the Trust because: (a) the fact that Herndon had no legal obligation to support Amy was not a proper fact to consider given that the Trust imposes no such limitation in considering available sources of income and support; (b) the evidence presented at trial showed that Herndon was willing and financially able to provide support to Amy, making the disbursements from the Trust unreasonable, unnecessary and in violation of the terms of Article XXIII-A; (c) the evidence presented by Herndon was not sufficient to show that Amy was having trouble getting on her feet once she reached adulthood; (d) the evidence showed that the expenditures were unreasonable because they were for primarily for the purposes of facilitating the adventure of a "free spirit" who was able to live independently; (e) the evidence showed that Herndon was transferring $200 weekly to a joint bank account for which she was an owner and for which she did not produce bank statements as

requested by Petitioners in discovery, making it an error to find that those payments were for Amy's benefit; (f) Herndon did not present sufficient evidence to overcome the burden that these expenditures were presumptively fraudulent; (g) Herndon did not present sufficient evidence to prove that these expenditures were in the best interests of the Beneficiaries and/or that these expenditures were in line with the purposes of the Trust; (h) Herndon did not present sufficient evidence to prove who received the payments or what the payments were for; (i) the reasonableness of the expenditures is irrelevant because the expenditures were void ab initio; and (j) the Court found that Herndon "had sufficient income and resources of her own to support [Amy] during [her] minority and was financially able to assist [her] after [she] gained the age of majority."

10. The allowance of payment to Herndon of $24,225.16 for expenses related to a camp that Amy attended because: (a) if Herndon is treated as pre-deceased she cannot receive disbursements from the Trust; (b) Herndon had the legal obligation to support Amy when Amy was a minor and payment of Herndon's legal obligations contradict the purposes of the Trust and imposes an improper financial burden on Amy to support herself while she was a minor; (c) the evidence showed that Herndon had sufficient assets to cover both the entire cost of the camp and her incidental expenses, and that fact was not properly taken into consideration as required by the Trust; (d) the evidence showed that the payment Herndon made to herself and deposited in her investment account was unjust enrichment that caused financial harm to the Beneficiaries of the Trust; (e) the evidence did not show that the amount Herndon paid herself in excess of the tuition was for reasonable expenses allowed by the terms of the Trust; (f) the evidence was insufficient to show the true nature of the services provided to Amy by the camp and therefore it was error to find that the payment for the camp was authorized by the terms of the Trust; (g) it was error to find that the payment was reasonable without making a definitive finding about the actual nature or necessity of the camp; and (h) the Court found that Herndon "had sufficient income and resources of her own to support [Amy] during [her] minority."

11. The allowance of payment of $7,427 for expenses incurred for and on behalf of Ben because: (a) if Herndon is treated as pre-deceased she cannot receive disbursements from the Trust; (b) Herndon had the legal obligation to support Ben when Ben was a minor and payment of Herndon's legal obligations contradict the purposes of the Trust, and impose

an improper financial burden on Ben to support himself while he was a minor; (c) the Court found that Herndon "had sufficient income and resources of her own to support [Ben] during [his] minority" and it was therefore error to allow payment of normal expenses "incurred in the rearing of a child"; (d) Herndon's income and assets were not properly considered as required by the terms of the Trust; (e) Herndon did not present sufficient evidence to prove who received the payments or what the payments were for; (f) the reasonableness of the expenditures is irrelevant because the expenditures were void ab initio; (g) Herndon did not present sufficient evidence to overcome the burden that these expenditures were presumptively fraudulent; (h) Herndon did not present sufficient evidence to prove that these expenditures were in the best interests of the Beneficiaries and/or that these expenditures were in line with the purposes of the Trust.

12. The allowance of payments for attorneys fees paid by Herndon to Michie Hamlett ($756.45) and McGuire Woods ($3,490) because: (a) those fees were discretionary expenditures made by Herndon without any authority and were void ab initio; (b) those expenditures were self-interested acts that were voidable by the Beneficiaries; (c) Herndon did not present any evidence whatsoever at trial regarding those expenses, so Herndon did not meet any burden to overcome the presumption that those expenditures were presumptively fraudulent or to prove that those expenditures were reasonable; (d) Herndon did not timely submit a copy of the McGuire Woods bill after being ordered to do so by the Court; and (e) Petitioners Motion to order Herndon to repay full amount of the McGuire Woods bill should have been granted because the bill shows that the services provided to Herndon by McGuire Woods were for her own self-interest and not in the interests of the Beneficiaries.

13. The order that post-judgment interest begin to accrue after the entry of the Final Order rather than the dates of previous letter opinions because Virginia law requires that interest begin to accrue as of the "date that a fixed amount of a judgment debt is rendered by the fact-finder charged with making that determination," which places the dates for the interest to run from April 3, 2014, May 22, 2014, and July 18, 2014, respectively.

14. The order that the limitations on spending placed on the previous Co-Trustees be removed retroactively as of the date of Herndon's resignation as Trustee because: (a) that order contradicts the finding of the Court made at the hearing on November 18, 2014 at which time the Parties agreed that it was not proper to retroactively terminate the

spending limitations; (b) the retroactive termination of the spending limitation deprives the Beneficiaries of the protection upon which they relied during the time periods the Co-Trustees were acting under the spending limitation; (c) the Co-Trustees made no request to have the spending limitation retroactively removed and Herndon has no standing to make that request on their behalf; (d) the retroactive termination of the spending limitation deprives Quinn Lobato her right as Trustee to have exercised her discretion as Trustee along with the Co-Trustees as they made discretionary distributions without her knowledge or consent; and (e) (e) the Court was not correcting any mistakes of the clerk or other court officials and was not settling defects or omissions in the record so as to make the record show what actually took place; and (f) it was error for the Court to terminate the limitation *nunc pro tunc* to create a fiction to antedate the actual performance of an act which never occurred because no motion was made to terminate the spending limitation at the time of Herndon's resignation, and the Court's retroactive order represents an event as occurring at a date prior to the time of the actual event and made the record show that which never existed.

## DENIAL OF MOTION FOR SANCTIONS

Petitioners object to the denial of their Motions for Sanctions because the denial was an abuse of discretion:

15. Herndon testified at trial that she did not present bank statements which had been requested by Petitioners in discovery and which showed that Herndon deposited Trust funds directly into her investment accounts, thereby confirming Petitioners assertions made in their Motions for Sanctions that Herndon did not comply with their discovery requests, and having proved that Herndon did not comply with discovery requests and that Petitioners were forced to go to trial without key evidence to support their case, Petitioners should have been awarded their full attorney's fees against Herndon and their request to order Herndon to repay all of the discretionary distributions she made should have been granted.

16. The documents and information withheld by Herndon were related to her assets and income, and that information was relevant to the key findings of fact necessary for the Court to determine whether the discretionary distributions made were in accordance with the terms of the Trust which required this financial information to be considered, and given that Herndon prevented the Court from having all the necessary

10 of ___

evidence to properly decide the key issues in the case, Herndon should have been ordered to pay all of the Petitioners' attorneys fees and should have been ordered to repay all the discretionary distributions she made.

17. Herndon also withheld part of the Trust document itself, she lied under oath about the value of her assets and the number of bank accounts she held, she failed to comply with the Court's orders to produce documents, she repeatedly misled the Court at hearings by stating that she had complied with Petitioners' discovery requests, and her repeated and egregious behaviors warrant the imposition of sanctions upon her, including the payment of Petitioners' full attorney's fees and the repayment of all the discretionary distributions she made.

18. As a result of Herndon's repeated failures to produce documents requested by Petitioners in discovery, the Petitioners were burdened by having to expend unnecessary legal fees, and Herndon should be ordered to repay all the legal fees that Petitioners' incurred as the result of her failures to comply with Virginia law and with this Court's orders.

19. Herndon's Counsel clearly violated Va. Code 8.01-271.1 by signing documents that were not well grounded in fact, could not have been formed after reasonable inquiry, and were not warranted by existing law because: (a) he certified that his client had not paid any attorney's fees from the Trust when his client had in fact directly paid him an additional $4,223.85 and $3,490 to another attorney, (b) he advanced the arguments that the Trust must be administered as if his client were deceased but at the same time that she was authorized to act as sole trustee of the Trust, (c) he argued that his client's income and assets were not relevant despite the terms of the Trust requiring that information to be considered, (d) he repeatedly asserted that his client had produced all documents requested in discovery despite the Petitioners having produced numerous detailed lists outlining the documents that had not been produced and the fact that he himself transmitted all documents to Petitioners and could have verified which documents had been produced, (e) he argued that his client was the sole beneficiary of the Trust despite her broad waivers of any right to the separate funds of her former husband, and (f) he repeatedly made derogatory statements about the Petitioners which served no legal purpose, were not based on fact and were intended for the sole purpose of harassment.

*[signature]*

**QUINN BREECE LOBATO**, Admitted Pro Hac Vice
8583 Seasons Way
Lanham, MD 20706-3820
(240) 305-4770
quinn.lobato@gmail.com
*Counsel for Petitioners Olin Breece & Adam Breece*

_(signature)_

DARYL LEE FUNK, VSB Bar #77879
Pond Athey Law, P.C.
35 N. Royal Avenue
P.O. Box 395
Front Royal, VA 22630
(540) 635-2123
*Counsel for Respondent Vanessa Christine Breece*

Seen and objected to for the reason set forth below:

JAMES P. COX, III, VSB # 23021
Michie Hamlett, PLLC
500 Court Square, Suite 300
PO Box 298
Centreville, Virginia 22902-0298
(434) 951-7230
(424) 951-7250 (facsimile)
Counsel for Susan K. Herndon
Email address: jcox@michiehamlett.com

Susan K. Herndon ("Herndon"), object to the Order for the reasons set forth in her pleading filed in this matter, including and with out limitation, (a) her Closing Argument of Susan K. Herndon as Administrator, c.t.a., Trustee, and in Her Individual Capacity; (b) Opposition of Susan K. Herndon To Award of Attorney's Fees and Costs; (c) Motion to Dismiss of Susan K. Herndon to Motion to Appoint Quinn Lobato as Trustee; (d) Motion for Payment of Attorney's Fees and Costs of Susan K. Herndon, Administrator, c.t.a.; (e) Authority and Argument Supporting Objection and Response of Susan K. Herndon as Trustee and in Her Individual Capacity to Petitioners' Motion for Partial Summary Judgment on Amended Trust Complaint, and without limiting the scope of such objections, Susan K. Herndon objects to the following rulings of the Court as contrary to the law and evidence in this matter:

1.     Contrary to the Court's ruling, Herndon did not waive her right to act as Trustee under the Property Settlement Agreement and Stipulation entered into by Breece and Herndon on October 29, 2002 and incorporated into their divorce decree since no authority exists that a property settlement agreement or divorce waives the right of a former spouse to act as Trustee of a joint trust.

2.     Contrary to the evidence, the law and the terms of the Trust, the Court erred in denying reasonable payments for the benefit of Benjamin Breece and Ameila Brecee as beneficiaries of the Minors Trust.

3. The Court improperly applied a standard of review to the Trustee's action which is not consistent with the law in applying "a fairly strict standard in reviewing the actions taken by [Herndon] in the administration of the trust provisions.

4. The Court erred in requiring the repayment of the expenses in Paragraph 8 of this Order all of which expense were properly paid by the Trustee for the benefit of the beneficiaries of the Minors Trust as expressly authorized by the terms of the Minors Trust and the law.

5. The Court erred in requiring the repayment of support payments made by the independent Trustee to the benefit of Benjamin Breece as beneficiary of the Minors Trust for the months following December 2014 at a time when Benjamin Breece had already turned age 18.

6. The Court erred in requiring Herndon to repay the trustee fees since she acted validly and under a claim of right as Trustee in accordance with the terms of the law and the Trust and the Court erred in failing to have the attorney's fees of Herndon

7. The amount of attorney's fees awarded to Petitioners and other counsel was not justified by the evidence or the law and was not reasonable in amount.

8. The Court erred in failing to award attorney fees to Herndon on the defense of the Surcharge action since Herndon prevailed on the Surcharge action.

9. Herndon objected to the Court's ruling on the Exempt Property since this was a matter to be raised by the recipients of the Exempt Property and not proper to be raised by the Petitioners who had no interest in the Exempt Property.

10. The Court lacked jurisdiction to rule on any of these matters since at the time of the trial the Petitioners had not and did not make the present Trustees of the Trust parties to the case and the Trustees were necessary parties.